SUMMARY ORDER

Da Xing Zheng, a native and citizen of China, seeks review of a March 27, 2008 order of the BIA affirming the May 16, 2007 decision of Immigration Judge (“IJ”) Robert D. Weisel denying his motion to reopen his proceedings and request to file a successive asylum application. In re Da Xing Zheng, No. A72 473 563 (B.I.A. Mar. 27, 2008), aff'g No. A72 473 563 (Immig. Ct. N.Y. City, May 16, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When, as here, the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (quoting INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).
I. Motion to Reopen
The Supreme Court has made clear that the agency may properly deny a motion to reopen in its discretion, even where the movant has demonstrated eligibility for relief. See INS v. Abudu, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988); INS v. Doherty, 502 U.S. 314, 323-24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Here, the IJ denied Zheng’s motion as a matter of discretion, reasoning that Zheng had “been a fugitive from justice for over a decade.” The BIA affirmed that finding. However, Zheng has waived any challenge to that discretionary denial. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (stating that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Because the BIA’s proper exercise of discretion was alone a dispositive basis for the denial of Zheng’s motion to reopen, see Abudu, 485 U.S. at 104-05, 108 S.Ct. 904, we need not address his argument that he established changed country conditions excusing the untimely filing of his motion or that he is prima facie eligible for the relief he seeks.
II. Motion to File a Successive Asylum Application
The agency also properly denied Zheng’s motion to file a successive asylum *466 application, as the BIA properly relied on its precedential decision, Matter of C-WL- to affirm the IJ’s denial of Zheng’s motion. In Matter of C-W-L- the BIA rejected the argument that an individual is authorized to file a successive asylum application based on the birth of his children in the United States, independent of the requirements for motions to reopen, stating that “the [Immigration and Nationality] Act’s various provisions on when, where, and how to file an asylum application cannot be read in harmony to permit the respondent’s interpretation ...” 24 I. & N. Dec. 346, 347 (BIA 2007). Rather, the BIA found that 8 U.S.C. § 1229a(c)(7)(C), which allows the filing of an untimely motion to reopen only upon a showing of changed country conditions, “applies to situations like the one at bar, where an alien seeks to reopen proceedings in which he previously was ordered removed from the United States.” Id. at 349. It further described the filing of a motion to reopen as “a prerequisite to our taking up any issue” arising in the case of an individual previously ordered removed, and stated that section 1158(a)(2)(D) “simply does not apply to a situation where an asylum applicant has already been ordered removed.” Id. at 350.
We have accorded Chevron deference to the BIA’s statutory interpretation in Matter of C-W-L- finding that “the BIA’s interpretation of the INA and its implementing regulations are reasonable, fully consistent with the relevant statutory and regulatory provisions, and comport with sound and well-established policy considerations.” See Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008). Thus, to the extent Zheng challenges the BIA’s interpretation of the statute, his ease is controlled by Yuen Jin, and his argument fails.
For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.